## Lucius Howard *versus* Lucy J. Packard.

Under the *St.* 1785, *c.* 66, § 2, [Revised St. *c.* 49, § 3,] which provides that a woman shall not be admitted as a witness in a complaint against a man as the father of her bastard child, if she has been convicted of any crime, which would by law disqualify her from being a witness in any other cause, it was *held*; that the competency of a complainant who had been convicted of a felony, was restored by a full pardon.

PETITION for a certiorari to the Court of Common Pleas. The petition set forth, that the respondent, at the March term 1834 of that court, complained against the petitioner, that she was begotten with child by him ; that the complaint was heard and tried before that court ; that at such trial the respondent

was offered as a witness to sustain the prosecution ; that the petitioner objected to her being admitted as a witness, on the ground, that she had been convicted of the crime of stealing ; that he then and there produced the record of her conviction ; but that the court, notwithstanding such conviction, admitted her to testify, she having received from the governor of the Commonwealth a full pardon of the offence of which she had been convicted.  Wherefore the petitioner prayed, that the record and proceedings of the Court of Common Pleas upon such complaint might be corrected by this Court.

*Coffin*, for the petitioner, cited Com. Dig. *Pardon, F* ; *Deming, Matter of*, 10 Johns. R. 232.

*Warren*, for the respondent, cited 13 Petersd. 81 ; 2 Stark. on Evid. 721.

SHAW C. J. delivered the opinion of the Court.  That the effect of a pardon is, to restore the competency of a wit- ness, as a general rule of law, is well settled.  But the coun- sel for the petitioner relies upon the terms of the *St.* 1785, *c.* 66, § 2.  The argument is, that as a complainant, by the bastardy act, is made competent, though interested, contrary to the general rule of law, she is to be received only on the condition mentioned in the statute, that she shall not have been convicted of a crime, which would disqualify her.

The position is undoubtedly correct, that the competency of the complainant is restored only upon the condition ex- pressed in the statute ; but the question is still open, what that condition is.  The Court are of opinion, that the literal con- struction contended for, would not conform to the true mean- ing of the legislature, as expressed in the statute, taking all its provisions together.  The statute, after enacting that the com- plainant shall be admitted as a competent witness, and her credibility left to the jury, contains a proviso, " that no woman shall be so admitted who has been convicted of any crime, which would disqualify her from being a witness in any other cause."  The obvious meaning is, that the express en- actment, that she should be admitted as a competent witness, should not be construed to remove a disability arising from conviction of crime, leaving that to stand upon the general principle.  It must be a conviction which would by law dis-

*Howard v Packard.*

*Oct. 21st.*

*Oct. 23d*

qualify her as a witness in any other cause, that is, which would so disqualify her, at the time of her being offered as a witness. But if the stigma on her credit has been removed by a pardon, it is to many purposes the same as if it had never been made, and it would not disqualify her as a witness in any other cause. In this statute " conviction " is manifestly used in the sense of " judgment," because it is the judgment for an infamous offence, which works the disability and renders the party incompetent. Suppose a woman convicted of a felony in an inferior court, and afterwards on appeal her innocence is satisfactorily proved and she is fully acquitted ; it would be literally true that she had been convicted of a crime which would by law have disqualified her, *had the first judgment remained in force.* But it is impossible to suppose, that the statute intended that such a conviction should render her incompetent. It was obviously limited to such a conviction as would render her incompetent, at the time of testifying, in other causes.

*Petition dismissed.*